PETITION OF THE SCHOOL COMMITTEE of the Town of Johnston for the appointment of a Commission to appraise school property.

Pub. Laws R. I. cap. 447, § 1, of May 29, 1884, as amended by Pub. Laws, cap. 1269, of May 11, 1894, authorizes any town at any town meeting to abolish all of the school districts therein, and provides that a tax equal to the appraised value of the school property shall be assessed upon the town, which tax is remitted to the taxpayers of the several districts in proportion to the value of the district school property taken by the town.

By Article 7, § 1, of the amendments to the Constitution of Rhode Island,

registry voters have the right to vote on all questions in all legally organized town meetings, excepting the election of the city council of any city and upon any proposition to impose a tax or for the expenditure of money.

*Held*, that the question of abolishing school districts in a town under Pub. Laws, cap. 447, as amended by cap 1269, is not a proposition to impose a tax or for the expenditure of money, and hence may be voted on by registry voters.

Pub. Laws cap. 447, as amended, is constitutional.

Public Laws R. I. cap. 447, § 1, of May 29, 1884, as amended by Pub. Laws, cap. 1269, of May 11, 1894, is as follows :

SECTION 1.   Any town may at any town meeting, or at district meetings for the election of town officers, the subject having been duly inserted in the warrant for said meeting or meetings, abolish all of the school districts therein ; and forthwith all title and interest in all the school houses, land, furniture, apparatus and other property which was vested in the several districts shall be vested in the town.   The property so taken by the town shall be appraised by a commission of three disinterested persons to be appointed by the supreme court, and at the next annual assessment of taxes thereafter, a tax shall be levied upon the whole town equal to the amount of said appraisal ; and there shall be remitted to the taxpayers of each district their proportional share of the appraised value of the school property in such district ; *provided*, that if any district be in debt, and said debt be assumed by the town, the amount of said debt shall be deducted from the whole amount to be remitted to the taxpayers of said district. If, however, the parties in interest prefer, the differences in the value of the property of the several districts may be adjusted in such manner as they may agree upon.

Article VII. § 1, of Amendments to the Constitution of Rhode Island is as follows :—

SECTION 1.   Every male citizen of the United States of the age of twenty-one years, who has had his residence and home in this state for two years, and in the town or city in which he may offer to vote six months next preceding the time of his voting, and whose name shall be registered in the town or city where he resides on or before the last day of December, in the year next preceding the time of his voting, shall have

a right to vote in the election of all civil officers and on all questions in all legally organized town or ward meetings : *Provided,* that no person shall at any time be allowed to vote in the election of the city council of any city, or upon any proposition to impose a tax, or for the expenditure of money in any town or city, unless he shall within the year next preceding have paid a tax assessed upon his property therein, valued at least at one hundred and thirty-four dollars.

*November* 15, 1895. STINESS, J. At a town meeting of the town of Johnston, held on the first Monday of June, 1895, it was voted to abolish school districts in said town. By the agreed statement of facts it appears that the meeting was regularly and legally called and that notice of the subject was inserted in the warrant for said meeting, pursuant to the provisions of Pub. Laws R. I. cap. 447. It also appears that both registry and tax paying voters were allowed to vote upon the subject, and that a majority of the tax paying voters did not vote in favor of the proposition.

A tax paying voter of the town objects to the legality of the action taken and raises the following questions :

" Does a registry voter, under the provisions of chapter 447 of the Public Laws, have a right to vote upon the question of abolishing school districts ? "

" If said chapter 447 confers such right, is said chapter constitutional, so far as it provides for the vesting of school property in the town, for the assessment and remission of taxes, for the payment of the same and for the adjustment of differences in the value of school property, upon a vote to abolish ? "

Under the provisions of the Constitution, registered voters have the right to vote on all questions in all legally organized town meetings, excepting the election of the city council of any city, or upon any proposition to impose a tax or for the expenditure of money. The proposition to abolish school dis tricts is not a proposition to impose a tax or expend money. It is a question of the management of schools, by a school committee or by trustees, in which registry voters are liable to be as much interested and affected as tax payers. But it

is said that this is practically a vote to impose a tax because, under the law, a tax equal to the amount of the appraisal of the school property is to follow. While this is true, it is, nevertheless, quite different from an ordinary tax. None of the amount so assessed goes to the town, but it is all remitted to the taxpayers of the several districts in proportion to the value of the district property taken by the town, for the purpose of equalizing the contributions thus made. It is a scheme for equalization rather than a tax. *Town Council of Cranston, Petitioner*, 18 R. I. 417. It does not follow that a registry voter is disqualified because the ultimate result of action taken may affect taxation : For example, dividing a school district would affect the expense of maintenance and the area of taxation. In 1854, a question arose whether registry voters could vote upon this question. The commissioner, Hon. Elisha R. Potter, afterwards one of the justices of this court, held that they could, and the decision was approved by Chief Justice Greene. The whole opinion was as follows :

" If the question of the propriety of dividing a school district be proposed in district meeting, registry voters have a right to vote ; because it merely amounts to an expression of opinion, and the whole power to divide rests with the school committee, to whom the vote of the district is a mere recommendation to be weighed according to its deserts ; and registry voters can by law vote upon all questions except taxing or expending money." R. I. School Manual, (1882), p. 85, Decision 17.

While the decision rests upon the fact that the vote was merely a recommendation, the concluding sentence assumes the right to vote upon all questions except those of taxing and expending money. We think that this is correct. The right to vote should not be curtailed except by the clear provisions of the Constitution ; and where the limitation is not clear the Constitution should be liberally construed, especially in matters relating to public schools. When, in the opinion of the voters of a town, the schools can be better managed by the school committee than by districts, the law vests all the

school property in the town and provides for the equalization of values by the tax referred to. Education being a public duty the legislature has the power to do this, and it is done by force of the law rather than by the action of the town. The vote of the town is the thing which sets in motion the operation of the law. *Whitney* v. *Stow,* 111 Mass. 368 ; *Rawson* v. *Spencer,* 113 Mass. 40. Our conclusion is that Pub. Laws, cap. 447, was intended to give the right to vote to all voters in town meeting assembled ; that the question submitted is not included in the proviso of Article VII, § 1, of Amendments to the Constitution, and hence that the act and the action under it is not in conflict with the provisions of the Constitution in this respect.

The remaining question, whether the act is in other respects constitutional, is, so far as any objections have been called to our attention, sufficiently answered in *Town Council of Cranston, Petitioner, supra.*

*Frank W. Tillinghast,* for petitioners.

*Benjamin M. Bosworth,* contra.